## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**ESTATE OF JOSHUA STEVENS,**

     **Plaintiff,**

v.                                                                    **No. 13-cv-0882 WJ/SMV**

**BD. OF CNTY. COMM'RS OF
THE CNTY. OF SAN JUAN;
THOMAS C. HAVEL;
CORR. HEALTHCARE COS., INC.;
and JOHN/JANE DOES 1–10;**

     **Defendants.**

## <u>SCHEDULING ORDER</u>

THIS MATTER is before the Court on a telephonic Rule 16 scheduling conference, held

on March 20, 2014.  The parties' Joint Status Report and Provisional Discovery Plan [Doc. 18] is

adopted, except as modified below.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in

compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this

case is assigned to a "**Complex**" track classification.

Plaintiff(s) shall be allowed until **May 1, 2014**, to join additional parties and amend the

pleadings (in compliance with the requirements of Fed. R. Civ. P. 15(a)).  Defendant(s) shall be

allowed until **May 15, 2014**, to join additional parties and amend the pleadings (in compliance

with the requirements of Fed. R. Civ. P. 15(a)).

Plaintiff(s) shall identify to all parties in writing any expert witness to be used by

Plaintiff(s) at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than

**June 18, 2014**.  All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **July 18, 2014**.[1]  Rebuttal experts disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) shall be disclosed within 30 days after the other party's disclosure.

The termination date for discovery is **October 16, 2014,** and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause.  This deadline shall be construed to require that discovery be completed on or before the above date.  Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline.  A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.  The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **November 5, 2014**.  *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies.  This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

---

[1]  Parties must formally disclose the identity of all testifying experts, even if the experts are not required to submit a Rule 26 expert report.  *See Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah, May 1, 2008).  Rule 26 expert reports are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during  [the] course of care and treatment . . . ."); *Blodgett*, 2008 WL 1944011, at *5 ("treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient") (internal quotation marks omitted).

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **November 17, 2014**.   *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to file a consolidated final Pretrial Order as follows:  Plaintiff(s) to Defendant(s) on or before **January 2, 2015**; Defendant(s) to Court on or before **January 16, 2015**.

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial.  Any exceptions thereto must be upon order of the Court for good cause shown.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**